Leslie **SHIRK**, et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA**, et al., Defendants.

Civ. A. No. 90–2023.

United States District Court, District of Columbia.

Feb. 14, 1991.

**32**

Matthew Bogin and Michael Eig, Bogin and Eig, Washington, D.C., for plaintiffs.

Michael Alston, D.C. Corp. Counsel, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff Leslie Shirk is a five year old learning disabled child who is eligible for special education and related services under the Education of the Handicapped Act ("EHA"), 20 U.S.C. § 1400–1461 and the Rules of the District of Columbia Board of Education. In September of 1989, the child was placed by her plaintiff parents at the Kingsbury Day School ("KDS"), a private institution, for the 1989–90 school year. The plaintiffs' request for tuition reimbursement, after being turned down by the District of Columbia, was denied at the administrative level by a Hearing Officer who decided that reimbursement was inappropriate because KDS was not a certified institution under the EHA. On August 21, 1990, plaintiffs filed this complaint seeking declaratory relief and tuition reimbursement for 1989–90. Plaintiffs have filed a motion for summary judgment, and defendants have moved to dismiss.

*Background*

Leslie Shirk was placed in KDS in September, 1989 by her parents. At about the same time, the District of Columbia Public Schools ("DCPS") was asked to evaluate and propose a placement for Leslie Shirk. DCPS was required to either approve the parents' choice of a special education facility or propose a new and more appropriate placement within 15 working days. The evaluation was not completed in a timely manner, and DCPS therefore failed in its responsibility to propose a school for Leslie to attend during the 1989–90 school year. When DCPS did not comply within the specified time period, plaintiffs requested a due process hearing, which was held on January 2, 1990. The Hearing Officer, after finding that DCPS had failed to comply with the EHA, directed DCPS to place Leslie in an appropriate special education program within 15 working days.

When DCPS failed to comply with this order, another due process hearing was held on March 12, 1990, at plaintiffs' request. While the Hearing Officer did not order DCPS to fund Leslie at KDS as requested by her parents, DCPS was once again ordered to place Leslie in an appropriate facility by April 9, 1990.

After DCPS again failed to propose a placement for Leslie, another due process hearing was held on July 5, 1990. At that hearing, the Hearing Officer once again held that DCPS had not complied with the law by failing to place Leslie in an appropriate school. However, despite this finding, the Hearing Officer said that he would not require DCPS to reimburse Leslie's parents for her tuition at KDS for the 1989–90 school year, because KDS was not a certified school according to DCPS' standards. Leslie's parents take exception to this holding and now seek to have it reversed.

Plaintiffs argue that the Hearing Officer's decision was erroneous in that it was

based solely on the fact that KDS was not certified for the 1989–90 school year. They point to the fact that KDS was, in fact, certified from September of 1989, until April of 1990, and that although the certification was suspended in April of 1990, KDS was subsequently recertified although no substantive changes were made by the school. Plaintiffs have also presented uncontroverted evidence that shows that DCPS agreed to fund 12 other handicapped children at KDS for the 1989–90 school year.

*Discussion*

■ In reviewing the determination of an EHA Hearing Officer, the Court must give "due weight" to the officer's factual conclusions. *See Board of Education v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982). The "due weight" standard allows a court to give the decision of the officer the deference that it deserves under the circumstances. To be upheld, the hearing officer's decision must of course be neither clearly erroneous nor arbitrary and capricious, and it must be legally and factually justifiable. *See Kerkam v. McKenzie,* 862 F.2d 884, 887 (D.C. Cir.1989).

■ This Court does not agree that DCPS can avoid its obligation to pay Leslie's tuition for the 1989–90 school year. This is so notwithstanding the Hearing Officer's determination that KDS was not certified for the 1989–90 school year. The issue of reimbursing Leslie's tuition at KDS only arose because of DCPS' failure to place her in an appropriate school on a timely basis. It is clear that plaintiffs acted reasonably in keeping Leslie enrolled at KDS for the school year when they could not get a decision from DCPS and their resort to the administrative process was in vain. Plaintiffs had every right to expect that the cost of their daughter's education at KDS would be reimbursed. In ensuring that handicapped children have available to them the education and services that meet their special needs, the EHA "provides for placement in private schools at public expense" where it is deemed appropriate. *Burlington School Comm. v. Department*

*of Education,* 471 U.S. 359, 369, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985). Since KDS was a private school certified for special education under DCPS standards at the beginning of the 1989 school year, plaintiffs rightfully expected that their placement of Leslie at that institution would be approved when Leslie's evaluation was completed.

DCPS takes the position that although KDS was a certified school in September of 1989, the school was later "decertified" in April of the 1989–90 school year. As such, DCPS contends that Leslie's placement at KDS was not appropriate and funding was not available under EHA.

KDS has since been recertified without any substantive or programmatic changes having been made at the school. Moreover, even though KDS was "decertified" during the 1989–90 school year, DCPS funded the education of anywhere from 12–17 children at KDS during that period. DCPS has not distinguished its decision not to fund Leslie's attendance at KDS from its decision to fund the attendance of these other children. The fact is, Leslie is progressing well at KDS, and since the school has now been recertified it would seem KDS was and is an "appropriate" placement for Leslie Shirk.

In *Burlington,* 471 U.S. at 370, 105 S.Ct. at 2002, the Supreme Court held that a district court may order the payment of tuition for the period that the propriety of the placement was in dispute when the court determines that the placement was "appropriate." Given this Court's finding that Leslie's placement in KDS for the 1989–90 school year was in all respects proper, it is within this Court's discretion to order tuition reimbursement. This Court is merely ordering DCPS to pay expenses that it would have had to pay in the first instance, had it complied with the requirements to timely evaluate and place Leslie Shirk. If the Court were to allow DCPS to avoid payment because of its failure to evaluate Leslie as required, DCPS will have avoided its legal duty to pay for Leslie Shirk's 1989–90 education. This would reward DCPS for failing to comply with the

**34**

law and would shift the financial burden for educating a handicapped child from the government to the individual handicapped child's parents. DCPS' failure to comply with the law as well as basic fairness requires that DCPS reimburse plaintiffs for the tuition they paid for Leslie Shirk's 1989–90 education. *See Burlington,* 471 U.S. at 374, 105 S.Ct. at 2004.

For the forgoing reasons, the Court will grant plaintiffs' motion for summary judgment and will direct the defendant to reimburse plaintiffs for the money they paid for the 1989–90 school year. This Court will also grant plaintiffs the declaratory relief they seek which would keep Leslie at KDS as an appropriate "current educational placement" for the 1990–91 school term, as there has been no case made for changing her placement at this time.

An Order accompanies this Opinion.

### ORDER

Upon consideration of plaintiffs' motion for summary judgment, defendants' motion to dismiss, the oppositions thereto, oral argument, and the entire record in this case, it is hereby

ORDERED, that defendants' motion to dismiss is denied; and it is further

ORDERED, that plaintiffs' motion for summary judgment is granted and judgment is entered for plaintiffs against defendants; and it is further

ORDERED, that defendants shall reimburse to plaintiffs the tuition and other costs associated with Leslie Shirk's attending the Kingsbury Day School during the 1989–90 school year; and it is further

ORDERED, that Kingsbury Day School is and shall be the "current educational placement" for Leslie Shirk; and it is further

ORDERED, that plaintiffs are the prevailing party within the meaning of 20 U.S.C. § 1415(e)(4)(B) and they shall file a motion for attorneys' fees within two weeks of the date of this Order.